THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION

| | |
|---|---|
| CHEN LI, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.:<br>) 1:25-cv-10772 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | )<br>) Honorable Edmond E.<br>) Chang |
| Defendant. | )<br>)<br>) |

**PLAINTIFF'S POSITION STATEMENT REGARDING DOCKET ENTRY 23**

Plaintiff Chen Li, by and through undersigned counsel, respectfully submits this position statement pursuant to the Court's November 12, 2025 minute entry directing Plaintiff to explain how the "Joint Consent to the Jurisdiction of a Magistrate Judge" filed at Docket Entry 23 complies with 28 U.S.C. § 636(c)(1), Local Rule 73.1, and the instruction on the consent form that the document is eligible for filing only if executed by all parties, and states as follows:

Plaintiff sincerely apologizes to the Court for any misunderstanding or procedural irregularity. Plaintiff filed the consent form in good faith, believing it might help expedite the case given the Court's heavy docket and the straightforward nature of the issues at this stage. Plaintiff did not intend to disregard the requirements of 28 U.S.C. § 636(c)(1), Local Rule 73.1, or the form's instruction that the consent must be executed by all parties.

At the time of filing, no defendants had appeared, and the Plaintiff was unable to obtain signatures from them because they are foreign entities that have not yet responded

or been served through the international process. Plaintiff now understands that the consent cannot be effective without all parties' signatures and that unilateral consent is not permissible under the governing statute and rules.

Plaintiff respectfully withdraws the previously filed consent and will promptly take any further steps the Court may direct. Below is a detailed explanation or response regarding this matter.

I. **Procedural Posture and Purpose of the TRO**

1. This is an intellectual property infringement action against multiple online merchants identified on Schedule A. Plaintiff alleges that Defendants use internet marketplaces such as Amazon, Walmart, Temu, and TikTok to sell infringing products.

2. Plaintiff filed the complaint and an ex parte motion for temporary restraining order and related relief in September 2025. See R.4, R.5, R.10, R.15. The purpose of the TRO request is to obtain swift injunctive relief, including the freezing of certain marketplace accounts, to prevent further infringing sales and to bring Defendants to the table to address the alleged infringement.

3. Plaintiff is mindful that Judge Chang's docket is very busy and is grateful for the Court's attention to this matter among its many other demands. Because the TRO motion has necessarily remained under advisement during this time, Plaintiff believes that infringing sales have continued and remains concerned about the ongoing impact on Plaintiff's intellectual property and business goodwill.

II. **Efforts to Obtain Defendants' Consent**

4. The Defendants identified in Schedule A are foreign or otherwise difficult to locate and serve. As of the date of this filing, none of them has appeared in this case, and no attorney has entered an appearance on their behalf.

5. Because Defendants have not appeared and have not responded to Plaintiff's efforts at contact and service, Plaintiff has not been able to obtain any Defendant's signature on the form "Notice and Consent to Exercise of Jurisdiction by a United States Magistrate Judge.

### III. Plaintiff's Intent in Filing Docket Entry 23

6. On November 10, 2025, undersigned counsel filed Docket Entry 23 on the consent jurisdiction form, signed only by Plaintiff's counsel. No Defendant has signed that form.

7. Plaintiff did not intend to suggest that Defendants had consented to magistrate-judge jurisdiction. Rather, Plaintiff's intent was to put on the record that Plaintiff is willing to consent to having a magistrate judge evaluate and handle this case, particularly in light of the time-sensitive nature of the pending TRO and the Court's heavy caseload.

8. Plaintiff's purpose in filing the consent jurisdiction form was to offer an option that might assist the Court in managing its already substantial docket. Plaintiff hoped that, if the Court concluded that referral to a magistrate judge could help alleviate the demands on Judge Chang's docket and allow the TRO application to be addressed more efficiently, the Court would be aware that Plaintiff affirmatively consents to such a reassignment under 28 U.S.C. § 636(c)(1), subject, of course, to any consent that may be required from Defendants if and when they appear.

9. Plaintiff acknowledges that, in light of the statutory requirement that all parties consent, Local Rule 73.1's procedure for joint statements of consent, and the consent form's instruction that the document is eligible for filing only if executed by all parties, Docket Entry 23 does not, by itself, effect a transfer of this case to a magistrate judge. Plaintiff's counsel understands that a magistrate judge may conduct all proceedings under § 636(c)(1) only if all parties have consented in the manner required by statute, rule, and form.

10. Plaintiff sincerely apologizes to the Court for any misunderstanding or procedural irregularity.

11. Plaintiff respectfully submits that Docket Entry 23 should be understood as an expression of Plaintiff's present consent and willingness to proceed before a magistrate judge, rather than as a representation that Defendants have consented or as an attempt to circumvent the requirements of § 636(c)(1), Local Rule 73.1, or the consent form instruction.

**IV. Plaintiff's Respectful Apology and Deference to the Court**

12. Plaintiff and undersigned counsel sincerely apologize to the Court for any confusion created by the filing of the consent jurisdiction form signed only on behalf of Plaintiff and for any failure to follow precisely the procedures contemplated by the governing statute, local rule, and form.

13. Plaintiff did not intend to mislead the Court or to disregard any procedural requirement. The filing was motivated by concern over the delay in resolving the time-sensitive TRO request and by the hope that, if a magistrate judge could devote attention to the matter more quickly, the case might proceed more efficiently.

14. Plaintiff remains fully willing to proceed before Judge Chang and will continue to comply with whatever schedule and case-management directives the Court issues.

15. Plaintiff respectfully withdraws the previously filed consent, and will promptly take any further steps the Court may direct.

16. Finally, in light of the ongoing alleged infringement and the continuing harm to Plaintiff's intellectual property rights, Plaintiff respectfully requests that the Court consider the pending TRO application at the Court's convenience and stands ready to provide any additional information the Court may require.

Dated: November 17, 2025                                            Respectfully submitted,

 /s/  Julie Guo
**Julie Guo, Esq.**
Attorney at Law
TZZ Law & JS Law
99 Park Avenue, Suite 1100,
New York, NY 10016
+1 917 250 7787
tzzlawip@gmail.com
Counsel for Plaintiff Chen Li
