IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| Chen LI,<br><br>   Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATEDASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>   Defendant. | Case No.: 1:25-cv-10772<br><br>Judge Edmond E. Chang<br><br>Jury Trial Demanded |

**AMENDED COMPLAINT**

1.  This is an action for patent infringement in which Chen Li ("Plaintiff") accuses the Individuals, Partnerships, and Unincorporated Associations on Schedule A ("Defendant") of infringing U.S. Patent No. D985,901 (the "Patent-in-Suit" or the "'901 Patent") under 35 U.S.C. §271, alleging as follows.

**Jurisdiction And Venue**

2.  This Court has original subject matter jurisdiction over the claims in this action under the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

3.  Venue is proper in this Court under 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since each of the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores and URLs operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendant has targeted sales to

1

Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold slippers products featuring the Patent-in-Suit (collectively, the "Infringing Products") to residents of Illinois. The Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## Introduction

4. This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale Infringing Products. Defendant creates e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Infringing Products to unknowing consumers. Defendant attempts to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendant's infringement of its Patent-in-Suit, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its Patent-in-Suit as a result of Defendant's actions and seeks injunctive and monetary relief.

## The Parties

**Plaintiff**

5. Plaintiff is the inventor of the '901 Patent who lives in the People's Republic of China. The '901 Patent is being infringed by a cabal of foreign counterfeiters with the intent of exploiting unknowing online consumers. This infringing behavior harms Plaintiff.

6. Plaintiff has been operating its own online store for about two years. Its online store is engaged in the business of manufacturing, distributing, and retailing slippers products throughout the world, including within the Northern District of Illinois (collectively, "Plaintiff's Products).

7. Plaintiff is the owner of all rights, title, and interest in and to the '901 Patent. The '901 Patent is valid, subsisting, and enforceable. Plaintiff sells products that include the design protected by the '901 Patent. Plaintiff's Products have been widely promoted, both in the United States and throughout the world. The whole of the consuming public recognizes Plaintiff's Products as originating with Plaintiff, but also recognizes that Plaintiff's Products sold in the United States originate exclusively from Plaintiff. As of the date of this filing, Plaintiff's Products are sold throughout the nation, including on third-party platforms. Plaintiff maintains quality control standards for all of Plaintiff's products, including those sold under the '901 Patent. Plaintiff's Products under the '901 Patent have generated significant revenue for Plaintiff over the years. Plaintiff's Products have become a symbol of excellence, and an expectation of quality uniquely associated with Plaintiff. The '901 Patent has never been assigned or licensed to the Defendant in this matter. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting products covered by the '901 Patent.

7. Upon information and belief, at all times relevant hereto, Defendant in this action has had full knowledge of Plaintiff's ownership of the '901 Patent, including its exclusive right to use and license such intellectual property.

**The Defendant**

8. Defendant is a business entity of unknown makeup that owns and/or operates one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other

seller aliases not yet known to Plaintiff. On information and belief, Defendant resides and/or operates in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistributes products from the same or similar sources in those locations. Defendant has the capacity to be sued under Federal Rule of Civil Procedure 17(b).

**PLAINTIFF'S PATENT**

9. On May 16, 2023, United States Design Patent No. D985,901 ("'901 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "SLIPPER." A true and accurate copy of the '901 Patent is attached as Exhibit 1. Plaintiff is the lawful owner of the '901 Patent. Plaintiff is the owner and assignee of all substantial rights, title, and interest in the '901 Patent, including the right to bring this action and enforce the '901 Patent against infringers, and to collect damages for all relevant times. Plaintiff sells products that include the design protected by the '901 Patent, herein referred to as the "Design."

| Patent No. | Claimed Design | Issue Date |
| --- | --- | --- |
| D985,901 | | May 16, 2023 |

**Defendant's Unlawful Conduct**

10. Third-party service providers like those used by Defendant do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J.

Int'l L. & Bus. 157, 186 (2020). Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. Defendant has targeted sales to Illinois residents by setting up and operating e- commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold Infringing Products to residents of Illinois.

11.     Defendant concurrently employs and benefits from substantially similar advertising and marketing strategies. For example, Defendant facilitates sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendant to use the '901 Patent and none of the Defendants are authorized retailers of genuine Plaintiff's Products.

12.     E-commerce store operators like Defendant commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent the discovery of their true identities and the scope of their e-commerce operation.

13.     E-commerce store operators like Defendant regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like

Defendant to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

14. Infringers such as Defendant typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendant maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court. Defendant is working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendant, without any authorization or license from Plaintiff, has jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the '901 Patent. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the Internet. Defendant's infringement of the '901 Patent in connection with making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

15. Defendant's infringement of the '901 Patent in connection with making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into

the United States for subsequent sale or use of Infringing Products into Illinois, is irreparably harming Plaintiff.

## Count One

### INFRINGEMENT OF UNITED STATES DESIGN PATENT

### (35 U.S.C. § 271)

16. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

17. Plaintiff's '901 Patent is valid and enforceable.

18. To the extent identified in Schedule A, Defendant are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the Design claimed in Plaintiff's '901 Patent. See Exhibit 2.

19. The Defendant, in violation of 35 U.S.C. § 271, has been and is now infringing the '901 Patent in the State of Illinois, in this judicial district, and other jurisdictions in the United States by selling or offering to sell the Infringing Products. Defendant is directly infringing, literally infringing, and/or infringing the '901 Patent under the doctrine of equivalents.

20. The Defendant has willfully and deliberately infringed the '901 Patent. The Defendant's infringement of the '901 Patent is obvious and notorious. The Defendant has no good faith basis that the accused Products do not infringe the '901 Patent. The willful infringement, without regard to Plaintiff's patent rights, constitutes egregious and wanton conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

21.     By reason of the ongoing and continuous infringement of the '901 Patent by the Defendant, Plaintiff is entitled to the entry of a permanent injunction enjoining the Defendant from further infringing Plaintiff's patent rights, pursuant to 35 U.S.C. § 283. Plaintiff has suffered, and is continuing to suffer, damages as a result of the Defendant's infringement of the '901 Patent, and Plaintiff is entitled to compensation, including Defendant's profits, and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, and 289.

**Prayer for Relief**

22.     WHEREFORE, Plaintiff prays for judgment against Defendant and each of them as follows:

A.      judgment against Defendant as to infringement of the claims of the '901 Patent.

B.      Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

C.      making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product;

D.      aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; and

E.      effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

F. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, Temu, and SHEIN (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of the Infringing Products;

G. That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for Defendant's infringement of the Plaintiff's '901 Patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284;

H. That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the '901 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

I. In the alternative, that Plaintiff be awarded all profits realized by Defendant from Defendant's infringement of the '901 Patent, pursuant to 35 U.S.C. § 289;

J. That Defendant, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with any and all injunctive relief ordered by this Court;

K. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

L. Award any and all other relief that this Court deems just and proper.

Demand for Jury Trial

 Plaintiff hereby demands a jury trial.

DATED: December 11, 2025     Respectfully Submitted:

                 _____
                 Robert M. DeWitty, Esquire
                 Bar No.: 006210112
                 D&A|RM DeWitty, U.S. Pat. Atty., LLC
                 1500 K Street, 2nd Fl., RM213
                 Washington, DC 20005

                 141 W. Jackson Blvd., Ste. 4216
                 Chicago, IL 60604
                 Tel: 202-571-7070 / 202 888-4309
                 Email: rmdewitty@dewittyip.com