IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHEN LI,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | CA: 1:25-cv- 10772<br><br>Honorable Edmond E. Chang<br><br>Magistrate Judge the Honorable Laura K. McNally |

## MOTION FOR EXPEDITED DISCOVERY, SERVICE OF PROCESS BY ELECTRONIC EMAIL AND/OR PUBLICATION, AND ISSUANCE OF SUMMONS

CHEN LI ("Plaintiff"), by and through the undersigned counsel, respectfully move this Court for an order: (1) authorizing expedited discovery under Federal Rule of Civil Procedure 26(d)(1) to identify Defendants and obtain limited records from relevant online marketplaces and payment processors; (2) authorizing service of process by electronic mail and/or electronic publication pursuant to Rule 4(f)(3) because Defendants are believed to be foreign and not located within any judicial district of the United States and transact anonymously, have provided unreliable physical addresses, and rely on electronic communications for their business operations; and (3) directing the Clerk to issue summons to each Defendant identified on Schedule "A", to the operative Complaint.

This motion is supported by Plaintiff's Complaint and its exhibits, including evidence of Plaintiff's U.S. Patent No. D985,901 S ("D'901 Patent"), filed on September 22, 2021, and issued

1

on May 16, 2023, and Defendants' infringing use in connection with their online marketplace accounts, as well as evidence that traditional service at listed addresses is impracticable.

## NATURE OF THE ACTION AND RELIEF SOUGHT

Plaintiff brings this civil action for patent infringement pursuant to the Patent Laws of the United States, Title 35 of the United States Code, alleging that the Defendants' have engaged in an unauthorized use, reproduction, and distribution of Plaintiff's D'901 Patent (Exhibit 1) in connection with the marketing and sale of their products through online marketplace accounts identified in Schedule "A" ("Defendants' Internet Stores").  This is also an action for duty to defend based on advertising injury, based upon Defendants' respective commercial insurance policies, which on information and belief, include provision indemnifying against advertising injury.  Plaintiff seeks an order to:

(a) Authorize expedited discovery; and

(b) Authorize service of process by electronic mail and/or electronic publication.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States, Title 35 of the United States Code.

Venue is proper in this District pursuant to 28 U.S.C. § 1400(b), as a substantial part of the events giving rise to the claims occurred in this District and Defendants have committed acts of infringement and maintain a regular and established place of business in this District.  The Honorable Court is the proper venue and may properly exercise personal jurisdiction over the Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet

Stores operating under the online marketplace accounts identified the Schedule "A," attached hereto (collectively, the "Defendants' Internet Stores").

## FACTUAL BACKGROUND

Plaintiff is the inventor and owner of U.S. Patent No. D985,901 S ("D'901 Patent"), filed on September 22, 2021, and issued on May 16, 2023. After purchasing and examining Defendants' infringing products, Plaintiff has discovered that Defendants have copied and used Plaintiff's D'901 patent without authorization in connection with the marketing and sale of their products.

## EXPEDITED DISCOVERY

Plaintiff requests expedited discovery prior to the Rule 26(f) conference pursuant to the Federal Rule of Civil Procedure 26(d)(1) to obtain information required to identify: (1) the identity and location of Defendants, its officers, its agents, employees, attorneys and any person acting and participating with them, including all known contact information and all associated email addresses, (2) Defendants' sales and listing history related to their respective online marketplace. Without such early discovery, relevant data and Defendants' financial accounts maybe lost, transferred, or deleted before Plaintiffs can effectuate service.

## SERVICE BY ELECTRONIC MEANS

Plaintiff requests authorization to serve process by electronic mail and/or electronic publication pursuant to Fed. R. Civ. P. 4(f)(3), as Defendants are believed to be foreign and not located within any judicial district of the United States. Federal courts have repeatedly held that Rule 4(f)(3) is an independent and co-equal method for serving foreign defendants, not subordinate to the Hague Convention or other Rule 4(f) subsections. In Carl v. Amazon.com, 1:22-cv-191-LG-BWR (S.D. Miss. May 31, 2023), the court explained that Rule 4(f)(3) permits alternative service by means not prohibited by international agreement, even if the Hague Convention applies.

## REQUEST ISSUANCE OF SUMMONS

Pursuant to Rule 4(a) of the Federal Rules of Civil Procedure, Plaintiff requests that the Clerk of the Court issue Summons directed to each Defendant identified on Schedule "A" attached to the Complaint. The issuance of the Summons is necessary to commence the legal action against Defendants and to protect Plaintiff's rights under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting the following relief:

1. Authorization to Conduct Expedited Discovery pursuant to Fed. R. Civ. P. 26(d)(1), limited solely to:

   a. Identifying information sufficient to ascertain the names, physical addresses, email addresses, IP addresses, account identifiers, and other data reasonably necessary to identify Defendants;

   b. Targeted subpoenas to third parties for preservation and production of electronically stored information directly related to identifying Defendants; and

   c. Discovery that is proportional to the needs of the case and expressly limited to identification and jurisdictional issues, excluding merits-based discovery.

2. Authorization for Alternative Service of Process pursuant to Fed. R. Civ. P. 4(f)(3), permitting Plaintiff to serve Defendants by electronic mail and/or online publication, upon a showing of reasonable diligence in attempting service by conventional means, and requiring Plaintiff to file proof of such service by declaration.

3. Issuance of Summons, including summons directed to Defendants identified by pseudonyms, account identifiers, or email addresses, with leave to amend the Complaint and summons upon

discovery of Defendants' true identities.

4. Any such other and further relief as the Court deems just and proper.


DATED: December 10, 2025                    Respectfully submitted,


                                                                                                   _____
Robert M. DeWitty, Esquire
Bar No.: 006210112
D&A|RM DeWitty, U.S. Pat. Atty., LLC
1500 K Street, 2nd Fl., RM213
Washington DC 20005
141 W. Jackson Street, Ste. 4216
Chicago, IL 60604
Tel: 202-571-7070 / 202 888-4309
Email: rmdewitty@dewittyip.com