IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHEN LI,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | CA: 1:25-cv- 10772<br><br>Honorable Edmond E. Chang<br><br>Magistrate Judge the Honorable Laura K. McNally |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY, SERVICE OF PROCESS BY ELECTRONIC EMAIL AND/OR PUBLICATION, AND ISSUANCE OF SUMMONS

CHEN LI ("Plaintiff"), submits this Memorandum of Law in Support of its Motion for Expedited Discovery, Service of Process by Electronic Email and/or Publication, and Issuance of Summons. Plaintiff seeks expedited discovery pursuant to the Federal Rule of Civil Procedure 26(d)(1) to obtain information required to identify: (1) the identity and location of THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" ("Defendants"), the officers, the agents, employees, attorneys and any person acting and participating with them, including all known contact information and all associated e-mail addresses, and (2) Defendants' sales and listing history related to their respective online marketplace. As alleged in the Complaint, the Defendants made unauthorized use, reproduction, and distribution of Plaintiff's patented design (Exhibit 1) in connection with the marketing and sale of their products. Service of Process by electronic email and/or publication pursuant to Fed. R. Civ. P. 4(f)(3) is required to ensure proper notice to parties, along with issuance of Summonses.

1

After purchasing and examining Defendants' products, Plaintiff has discovered that Defendants have copied and used Plaintiff's patented design without authorization in connection with the marketing and sale of their products, as well as infringing Plaintiff's patent design, as well as their infringement of Plaintiff's patent rights.

This Court has personal jurisdiction over the Defendants because the Defendants target Illinois residents and have offered to sell, and on information and belief, have sold and continue to sell, Infringing Products to consumers within the United States and in the State of Illinois. Through the Defendants' Internet Stores and knock-off product packaging, the Defendants have attempted to, and in many cases have, confused consumers, via the presentation of their products, as to the source of Plaintiff's authentic products.

## II. STATEMENT OF FACTS

Plaintiff is the inventor and owner of U.S. Patent No. D985,901 S ("D'901 Patent"), filed on September 22, 2021, and issued on May 16, 2023. Plaintiff has been operating his own online store for about two years. Plaintiff's online store is engaged in the business of manufacturing, distributing, and retailing the D'901 Patented SLIPPER products throughout the world, including within the Northern District of Illinois (collectively, "Plaintiff's Products").

After purchasing and examining Defendants' Infringing Products, Plaintiff has discovered that Defendants have copied and used Plaintiff's D'901 Patent without authorization in connection with the marketing and sale of their products that confused consumers, via the presentation of their products, as to the source of Plaintiff's Products.

Since the issuance of D'901 Patent, the Defendants continue to conduct themselves through unauthorized copying, reproduction, and display of Infringing Products. Plaintiff is the sole owner

of the D'901 Patent, which was created and first published before Defendants' infringing acts described herein, and the Defendants bear the burden of proving invalidity or lack of originality.

**III. ARGUMENT**

**A.     Plaintiff is Entitled to Expedited Discovery**

Under Fed. R. Civ. P. 26(d)(1), a party may seek discovery before a Rule 26(f) conference by court order. The Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits. Vance v. Rumsfeld, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. See Fed. R. Civ. P. 26(b)(2); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

As described above, the Defendants are using third-party payment processors, which help to increase their anonymity by interposing a third party between the consumer and the Defendants.

Plaintiff respectfully requests expedited discovery to discover and to identify Defendants, and uncover the financial bank accounts and transactions that the Defendants use for their counterfeit sales operations. The discovery requested on an expedited basis is to obtain essential information from third parties, such as online platforms, payment processors, and hosting services that can identify Defendants.

Under Federal Rule of Civil Procedure 26(d)(1), a good cause exists for such expedited discovery. Without early discovery, evidence may be deleted, altered, or hidden before Plaintiff can properly serve Defendants. Plaintiff's counsel is aware that the same third parties, in previous lawsuits, have worked with patent design owners and are not aware of any reason that the

Defendants or third parties cannot comply with these expedited discovery requests without undue burden. Furthermore, all relevant third parties have in fact complied with identical requests in previous similar cases. Accordingly, Plaintiff respectfully requests that the expedited discovery be granted.

**B.****Service of Process by E-mail and/or Electronic Publication is Warranted in this Case.**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests this Court's authorization to serve process by electronically publishing a link to the Complaint, related documents, and Summons, and/or by sending an e-mail to any e-mail addresses provided for Defendants by third parties that include a link to the website. Plaintiff submits that providing notice via electronic publication and/or e-mail, along with any notice that Defendants receive from a third party, such as Amazon, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because the Defendants, on information and belief: (1) are utilizing trade names as aliases and unknown physical address information in their registration for the Defendants' online marketplace accounts in order to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their registrars and customers, demonstrating the reliability of this method of communication by which the registrants of the Defendants may be apprised of the pendency of this action. Authorizing service of process solely via e-mail and/or electronic publication will benefit all parties and the Court by ensuring that the Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve the Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

On information and belief, Defendants are foreign and not located within any judicial district of the United States; accordingly, service under Federal Rule of Civil Procedure 4(f)(3) is appropriate. Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. See, In re Oneplus Tech. (Shenzhen) Co., No. 2021-165, at *6 (Fed. Cir. Sep. 10, 2021) ("however, Rule 4(f)(3) is not a "last resort" or a type of "extraordinary relief" for a Plaintiff seeking to serve process on a foreign Defendant"); See also, Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002). ("To the contrary, "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing.").

Federal courts have repeatedly held that Rule 4(f)(3) is an independent and co-equal method for serving foreign defendants, not subordinate to the Hague Convention or other Rule 4(f) subsections. In Carl v. Amazon.com, 1:22-cv-191-LG-BWR (S.D. Miss. May 31, 2023), the court explained that Rule 4(f)(3) permits alternative service by means not prohibited by international agreement, even if the Hague Convention applies.

Plaintiff submits that allowing service solely by e-mail and/or electronic publication in the present case is appropriate and comports with constitutional notions of due process, particularly given the decision by the registrants of the Defendants to conduct their internet-based activities anonymously.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). Rio Props. v. Rio Intern. Interlink, 284 F.3d 1007, 1014-15 (9th Cir. 2002). As the Rio Properties court explained, Rule 4(f) does not create a hierarchy of preferred methods of service or process. Id. at 1014. To the contrary, the plain language of the rule requires only that service be

5

directed by the Court and not be prohibited by international agreement. There are no other limitations or requirements. Id. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief", but is rather one means among several by which an international Defendant may be served. Id. As such, this Court may allow Plaintiff to serve the Defendants via electronic publication and/or e-mail.

Plaintiff respectfully requests this court's permission to serve the Defendants via e-mail and/or electronic publication.

## V. ISSUANCE OF SUMMONS

In furtherance of this action, Plaintiff requests the issuance of a summons, titled, "XIAMENKAIYANMAOYIYOUXIANGONGSI (USEQUICK) and THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" by the Clerk.

## V. CONCLUSION

In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that this Court authorize expedited discovery to identify the true identities, locations, contact information, and financial information of Defendants, to permit service of process on Defendants by electronic mail and/or publication as necessary, and issuance of Summons.

DATED: December 11, 2025      Respectfully Submitted:

_____
Robert M. DeWitty, Esquire
Bar No.: 006210112
D&A|RM DeWitty, U.S. Pat. Atty., LLC
1500 K Street, 2nd Fl., RM213
Washington, DC 20005

141 W. Jackson Blvd., Ste. 4216
Chicago, IL 60604
Tel: 202-571-7070 / 202 888-4309
Email: rmdewitty@dewittyip.com