**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHEN LI,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | ) | Case No. 1:25-cv-10772<br><br>Honorable Edmond E. Chang |

# TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

*This matter comes before the Court on Plaintiff Chen Li's ("Plaintiff") Ex Parte Motion* for Entry of a Temporary Restraining Order and Asset Restraining Order [Dkt. 5] under Federal Rule of Civil Procedure 65 and 35 U.S.C. § 283. The Court has considered the Complaint [Dkt. 1] and its exhibits, the Memorandum in Support [Dkt. 5-1], the Declaration of Bruce Zeason [Dkt. 5-2], the Declaration of Chen Li [Dkt. 5-3], and Plaintiff's Supplemental Memorandum Establishing That Joinder Is Proper [Dkt. 14]. This Order applies only to Defendant identified on Schedule A to the Complaint (the "Listed Defendants"), who operate e-commerce stores under the seller aliases identified therein (the "Seller Aliases"). The Motion is GRANTED [in part], and the Court finds as follows:

1. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and venue is proper in this District under 28 U.S.C. § 1391.

2. On the present record, the Court likely has personal jurisdiction over the Listed Defendants, because each targets Illinois consumers through e-commerce stores operating under the Seller Aliases that offer shipping to Illinois and accept payment in U.S. dollars. See NBA Properties, Inc. v. HANWJH, 46 F.4th 614, 624–27 (7th Cir. 2022).

3. Plaintiff has shown a likelihood of success on his claim of design patent infringement under 35 U.S.C. § 271. Plaintiff owns U.S. Design Patent No. D985,901 (the "'901 Patent") for a Slipper design, and the evidence shows that the Listed Defendants offer for sale slippers and shower shoes that an ordinary observer would find substantially the same as the claimed design (the "Infringing Products"). See Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 672 (Fed. Cir. 2008) (en banc); Chen Li Decl. ¶¶ 3–9; Zeason Decl. ¶¶ 14–15.

4. Plaintiff has no adequate remedy at law and will suffer irreparable harm absent relief. The injury is the continued sale of Infringing Products, which causes loss of Plaintiff' s exclusivity, loss of control over the patented design, and harm to his reputation and goodwill. That harm is difficult to measure in money, and the Listed Defendants appear to be foreign sellers against whom a money judgment may be uncollectable. Chen Li Decl. ¶¶ 14 – 19.

5. Specific facts in the Chen Li and Zeason Declarations clearly show that immediate and irreparable injury will result before the Listed Defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). Sellers like the Listed Defendants often register new aliases and move funds to offshore accounts once they receive notice of a lawsuit. Zeason Decl. ¶¶ 4–6; Chen Li Decl. ¶¶ 10–13.

6. The balance of harms favors Plaintiff, because any harm to the Listed Defendants from being restrained from selling likely infringing products is self-inflicted. The public interest is served by protecting valid patent rights. See Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001).

7. On the present record, and for purposes of this Order only, joinder of the Listed Defendants is proper under 35 U.S.C. § 299(a) and Federal Rule of Civil Procedure 20(a)(2). Plaintiff has shown more than that the Listed Defendants infringe the same patent, which alone would not suffice, 35 U.S.C. § 299(b). Plaintiff's evidence indicates that the Listed

Defendants sell identical slipper products sharing the same sole texture, footbed shape, and strap attachment, display identical product images with similarly phrased titles, and offer the products at closely aligned prices, suggesting a common source. Suppl. Mem. [Dkt. 14] at 2–3; Compl. Ex. 2; Chen Li Decl. Ex. 1. These shared, overlapping facts establish a logical relationship among the claims. See Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Ass'ns Identified on Schedule A, 334 F.R.D. 182, 188 (N.D. Ill. 2020).

**It is therefore Ordered:**

1. The Listed Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, see Fed. R. Civ. P. 65(d)(2), are temporarily enjoined and restrained from:

(a) making, using, offering for sale, selling, or importing into the United States any Infringing Product embodying the design claimed in the '901 Patent, or any colorable imitation thereof;

(b) aiding, abetting, contributing to, or otherwise assisting anyone in the acts described in subparagraph (a); and

(c) effecting assignments or transfers, forming new entities or associations, or creating or using any other Seller Alias or online marketplace account for the purpose of circumventing this Order.

2. The Listed Defendants and all persons in active concert or participation with them are further restrained from:

i. Moving, destroying, or otherwise disposing of any items, merchandise, or documents relating to the Infringing Products, the Seller Aliases, or the Listed Defendants' assets and operations; and

ii. Removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to the Seller Aliases or to the

manufacture, acquisition, purchase, distribution, or sale of Infringing Products.

3. The Listed Defendants and all persons in active concert or participation with them are restrained from transferring or disposing of funds held in accounts associated with the Seller Aliases, including the storefronts or accounts listed in Schedule A

4. Within [five (5)] business days of receipt of actual notice of this Order, any online marketplace platform providing services to the Listed Defendants, including Amazon.com, Inc., [Whaleco Inc. (Temu)], and SHEIN (the "Marketplaces"), shall (a) disable and cease displaying listings of Infringing Products offered under the Seller Aliases, and (b) restrain funds in the Listed Defendants' accounts as provided in Paragraph 3.

5. Within [five (5)] business days of receipt of actual notice of this Order, any payment processor or financial institution holding funds for the Listed Defendants, including PayPal, Inc. and Stripe, Inc. and other identified processors, shall locate accounts connected to the Seller Aliases and restrain funds in those accounts as provided in Paragraph 3.

6. Under Federal Rule of Civil Procedure 65(c), Plaintiff shall post security of $10,000, in cash or by surety bond, with the Clerk of Court by [date]. This Order takes effect upon posting of that security.

9. This Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued, or until such further dates as set by the Court or stipulated by the parties

10. Schedule A, the exhibits identifying the Listed Defendants, and this Order shall remain under seal provisionally. Plaintiff shall file unsealed versions on the public docket within [__] days after the Preliminary Injunction motion is granted.

11. Plaintiff shall file a status report by [date] addressing compliance with this Order.

This Temporary Restraining Order is issued on 1st Day of October 2026, at 3:45 p.m.

ENTERED:

Edmond E. Chang
United States District Judge