**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**CHEN LI,**
Plaintiff,

Case No. 1:25-cv-10772
Hon. Edmond E. Chang

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,
Defendants.
_________________________________/

**DEFENDANT USEQUICK'S EXPEDITED MOTION**
**TO DISSOLVE THE TEMPORARY RESTRAINING ORDER**
**AND TO RELEASE THE ASSET RESTRAINT**

Defendant USEQUICK (Amazon seller ID A39SUWL7QNLD9M, also trading as EQUICK), by counsel, moves on an expedited basis under Federal Rule of Civil Procedure 65(b)(4) to dissolve the Temporary Restraining Order entered on October 8, 2026 [Dkt. 48], and the asset restraint entered with it, as to USEQUICK only, and to direct Amazon.com, Inc. to restore USEQUICK's listings and release USEQUICK's restrained funds. In support, USEQUICK states:

## I. The order to be dissolved

1. On September 29, 2026, the Court granted Plaintiff's motion for a temporary restraining order as to the defendants on the Schedule A attached to the Amended Complaint, and directed that the TRO would start its 14-day clock when posted. [Dkt. 43.] The Court entered that order on October 1, 2026. [Dkt. 44.]

2. On October 8, 2026, the Court granted Plaintiff's motion to clarify, deemed the October 1 order inoperative, and entered a new TRO with a complete Schedule. [Dkt. 47, 48.] The Court set the new TRO to expire on October 22, 2026, and set October 19, 2026, as the deadline for any extension or preliminary-injunction motion. [Dkt. 47.] The October 8 order is the operative restraint. [Dkt. 48.]

3. Counsel for USEQUICK appeared on October 9, 2026. [Dkt. 49.] Rule 65(b)(4) entitles a restrained party to move to dissolve or modify on two days' notice, or on shorter notice if the Court so sets. USEQUICK asks the Court to hear this motion before October 19, 2026, and in any event before the October 22 expiration, and to keep the restraint from being extended as to USEQUICK.

4. USEQUICK is the Amazon seller operating the EQUICK / USEQUICK storefront at seller ID A39SUWL7QNLD9M. The accused listing is ASIN B08DKTD2PW, https://www.amazon.com/dp/B08DKTD2PW. A printout of that listing, captured October 9, 2026, is Exhibit A. USEQUICK asks the Court to treat this motion as limited to that seller and that listing, and to any other USEQUICK ASINs restrained under Dkt. 48.

**II. The TRO standard is no longer met**

5. A TRO requires a ***clear showing*** of likelihood of success, irreparable harm, balance of harms, and public interest, and, because this order issued without notice, specific facts that immediate injury would result before the adverse party could be heard. Fed. R. Civ. P. 65(b)(1); Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008). Design-patent infringement asks whether an ordinary observer, familiar with the prior art, would find the accused design substantially the same as the claimed design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670, 676–78 (Fed. Cir. 2008) (en banc). Functional features are not part of the claim. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). The October 8 order found a likelihood of success on an *ex parte* record. [Dkt. 48 ¶ 3.] That record did not include the listing history below.

**III. USEQUICK was selling this slipper before the patent was filed**

6. U.S. Design Patent No. D985,901 S ("901 Patent") claims "the ornamental design for a slipper, as shown and described." It was filed on September 22, 2021, and issued on May 16, 2023. Exhibit B (patent). A design patent is invalid if the claimed design was on sale, in public use, or otherwise

available to the public before the effective filing date. 35 U.S.C. § 102(a)(1). Anticipation of a design patent is tested from the ordinary observer's perspective. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239–40 (Fed. Cir. 2009).

7. The accused Amazon listing states "Date First Available: June 12, 2020," more than fifteen months before the filing date, with product pictures. Exhibit A. Customers posted verified-purchase reviews of this same listing, with photographs, before September 22, 2021:

- Yanitza Garcia, July 21, 2020, verified purchase: "They run small, order one size up. Super comfortable and not heavy at all. They are like walking on marshmallows." See Figure 1 below, available at https://www.amazon.com/portal/customer-reviews/B08DKTD2PW/ref=cm_cr_dp_d_show_all_top?_encoding=UTF8&ie=UTF8&reviewerType=all_reviews, last visited on Oct. 9, 2026.




**Figure 1: Defendant's 2020 Customer Review with Picture**

•

- Jenn, July 9, 2021, verified purchase, with a photograph: "i originally ordered the 5.5-6 option and they were too big. i returned and ordered the smallest size and I LOVE THEM SO MUCH!!! … when i come home i put these on around the house and they're so comfy and cute." See Figure 2 below, same link as above.



Jenn

★★★★★ **Amazing comfortable shoes.**

Reviewed in the United States on July 9, 2021

i wear a 5.5 or a 6 in women's. then in kids i wear a 3.5 or a 4 - i originally ordered the 5.5-6 option and they were too big. i returned and ordered the smallest size and I LOVE THEM SO MUCH!!! i even bought my mom a pair. i'm a nurse that works long shifts and my feet ache at the end of the day. when i come home i put these on around the house and they're so comfy and cute. 😌

Images in this review

**Figure 2: July 9, 2021 Customer Review With Picture of Product**

- Adriana, June 15, 2021, verified purchase, with a photograph of the slipper on a foot: "Absolutely loved them. I wear a size 6 in women I have small feet and the women size 4-4.5 fits me just perfect! Super soft nice material looks so nice and feel super comfortable!"



Adriana

★★★★★

**Super comfortable and soft loved them 🙌🏽❤️**

Reviewed in the United States on June 15, 2021

Absolutely loved them❤️ I wear a size 6 in women I have small feet and the women size 4-4.5 fits me just perfect! Super soft nice material looks so nice and feel super comfortable! Highly recommend 10+ product

Images in this review



**Figure 3: July 15, 2021 Customer Review**

8. Those reviews are of the product Plaintiff now calls infringing. The deep heel cup, open toe, wide strap, and cushioned footbed that Plaintiff treats as the patented design were already in USEQUICK's public listing, and in customers' photographs, before Li Chen filed. Plaintiff did not first design that heel cup. The listing is § 102(a)(1) prior art to the '901 patent. If an ordinary observer would find the claimed design substantially the same as the slipper USEQUICK was already selling, the patent is anticipated and Plaintiff has no likelihood of success. If the ordinary observer would not, there is no infringement. Either way the TRO fails. See Figure 3 below.




**Figure 3: Comparison of Defendant's Product and Sole Design of `901 Patent**

9. The same facts defeat any inference of copying. USEQUICK's design was on sale before the application existed. A seller who is prior art is not a copyist, and the *ex parte* finding of irreparable harm and of a need to freeze assets without notice does not hold as to this defendant.

**IV. The claimed design is functional, so the ornamental claim is narrow**

10. A design patent protects ornament, not function. 35 U.S.C. § 171. A design dictated by function is not patentable. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328–30 (Fed. Cir. 2015); *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320–22 (Fed. Cir. 2016). Shoe features that hold the foot, cushion it, drain water, or grip a wet surface are functional. See L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1123 (Fed. Cir. 1993).

11. The features Plaintiff relies on are dictated by use as a shower, pool, and house slipper. The deep heel cup keeps the foot from sliding out on a wet floor. The thick cushion is the "marshmallow" comfort customers described in 2020. The open toe and pull-on strap are how a shower shoe goes on. The sole tread is for grip. "A claim to a design containing numerous functional elements, such as here, necessarily mandates a narrow construction." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293–94 (Fed. Cir. 2010); "In analyzing visual similarity, '[w]here ... a [patented] design is composed of functional as well as ornamental features, to prove infringement a patent owner must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental.'" Elmer, 67 F.3d at 1577, quoting *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825, 23 USPQ2d 1426, 1434 (Fed.Cir.1992),

12. Because the field is functional and crowded, and because USEQUICK's own pre-filing slipper is in the prior art, the claim scope is narrow. The ordinary observer's attention goes to whatever ornamental detail actually differs from that prior art. *Egyptian Goddess*, 543 F.3d at 676. At that level of scrutiny, only a virtually identical ornamental design could infringe. The accused slipper is not that. The strap proportion, footbed opening, sole pattern, and overall profile differ from the drawings in the '901 patent once the shared functional heel cup, cushion, and open toe are set aside. Exhibit A; Exhibit B, Figs. 1–4. Those differences matter. Plaintiff has not made a clear showing of infringement.

## V. The freeze should be released as to USEQUICK

13. The Court has already noted the concern with restraining assets before judgment. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc*., 527 U.S. 308, 331 (1999); [Dkt. 43.] Section 289 does not justify a freeze against a seller whose product predates the patent and whose design is functional. The bond recited in Dkt. 48 does not cure the lack of a likelihood of success. Continued restraint of USEQUICK's Amazon funds, and suppression of a listing that has been public since June 2020, is irreparable harm to USEQUICK, not to Plaintiff.

## VI. Relief requested

USEQUICK asks the Court to:

(a) hear this motion on an expedited basis, before October 19, 2026;

(b) issolve Dkt. 48 as to USEQUICK (seller ID A39SUWL7QNLD9M), including ASIN B08DKTD2PW and any other USEQUICK listing restrained under that order;

(c) direct Amazon.com, Inc. to restore those listings and release USEQUICK's restrained funds within two business days;

(d) deny any extension of the TRO, and any preliminary injunction, as to USEQUICK; and

(e) grant such other relief as the Court finds just.

Dated: October 9, 2026

Respectfully submitted,

*s/ Jianyin Liu*
Jianyin Liu
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I certify that on October 9, 2026, I filed this motion with the Court's CM/ECF system, which will send notice to all counsel of record, and that I will email a copy to Plaintiff's counsel of record the same day.

/s/ Jianyin Liu