**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**CHEN LI,**
Plaintiff,

Case No. 1:25-cv-10772
Hon. Edmond E. Chang

v.

**THE PARTNERSHIPS and**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A**,
Defendants.
_________________________________/

**DEFENDANT S' EXPEDITED MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER AND TO RELEASE THE ASSET RESTRAINT**

Defendants BRONAX SNEAKER (Amazon seller ID A3POV79EGG2T2T) and JOOMRA DIRECT (Amazon seller ID AD46DSIZFHI7U), by counsel, move on an expedited basis under Federal Rule of Civil Procedure 65(b)(4) to dissolve the Temporary Restraining Order entered on October 8, 2026 [Dkt. 48], and the asset restraint entered with it, as to BRONAX SNEAKER and JOOMRA DIRECT only, and to direct Amazon.com, Inc. to restore their listings and release their restrained funds. In support, Defendants state:

**I. The order to be dissolved**

1. On September 29, 2026, the Court granted Plaintiff's motion for a temporary restraining order as to the defendants on the Schedule A attached to the Amended Complaint, and directed that the TRO would start its 14-day clock when posted. [Dkt. 43.] The Court entered that order on October 1, 2026. [Dkt. 44.]

2. On October 8, 2026, the Court granted Plaintiff's motion to clarify, deemed the October 1 order inoperative, and entered a new TRO with a complete Schedule. [Dkt. 47, 48.] The Court set the new TRO to expire on October 22, 2026, and set October 19, 2026, as the deadline for any extension or preliminary-injunction motion. [Dkt. 47.] The October 8 order is the operative restraint. [Dkt. 48.]

3. Counsel for BRONAX SNEAKER and JOOMRA DIRECT has appeared (or is appearing concurrently with this motion). Rule 65(b)(4) entitles a restrained party to move to dissolve or modify on two days' notice, or on shorter notice if the Court so sets. Defendants ask the Court to hear this motion before October 19, 2026, and in any event before the October 22 expiration, and to keep the restraint from being extended as to these Defendants.

4. BRONAX SNEAKER operates the Amazon storefront at seller ID A3POV79EGG2T2T. JOOMRA DIRECT operates the Amazon storefront at seller ID AD46DSIZFHI7U. Defendants ask the Court to treat this motion as limited to these two sellers and any of their ASINs restrained under Dkt. 48.

**II. The TRO standard is no longer met**

5. A TRO requires a clear showing of likelihood of success, irreparable harm, balance of harms, and public interest, and, because this order issued without notice, specific facts that immediate injury would result before the adverse party could be heard. Fed. R. Civ. P. 65(b)(1); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Design-patent infringement asks whether an ordinary observer, familiar with the prior art, would find the accused design substantially the same as the claimed design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670, 676–78 (Fed. Cir. 2008) (en banc). Functional features are not part of the claim. *Elmer v.*

*ICC Fabricating, Inc*., 67 F.3d 1571, 1577 (Fed. Cir. 1995). The October 8 order found a likelihood of success on an *ex parte* record. [Dkt. 48 ¶ 3.] That record did not include the prior-art and independent-design evidence set forth below.

**III. Defendants were selling the accused design, and independently protected it in Europe, before or while Plaintiff's application remained under seal**

6. U.S. Design Patent No. D985,901 S ("'901 Patent") claims "the ornamental design for a slipper, as shown and described." It was filed on September 22, 2021, and issued on May 16, 2023. A design patent is invalid if the claimed design was on sale, in public use, or otherwise available to the public before the effective filing date. 35 U.S.C. § 102(a)(1). Anticipation of a design patent is tested from the ordinary observer's perspective. *Int'l Seaway Trading Corp. v. Walgreens Corp*., 589 F.3d 1233, 1239–40 (Fed. Cir. 2009).

7. As demonstrated in the parallel motion [DE 50] filed by Defendant USEQUICK, the same or substantially the same slipper design was already on public sale on Amazon (with "Date First Available" as early as June 12, 2020) and was the subject of verified-purchase customer reviews containing photographs of the product more than a year before the September 22, 2021 filing date of the '901 Patent. Those public sales and customer photographs establish that the deep heel cup, open toe, wide strap, and cushioned footbed that Plaintiff treats as the patented design were already in the public domain. Defendants BRONAX SNEAKER and JOOMRA DIRECT sell the same or substantially the same design. That prior public use and on-sale activity is § 102(a)(1) prior art. If an ordinary observer would find the claimed design substantially the same as the slippers already being sold, the patent is anticipated and Plaintiff has no likelihood of success. If

the ordinary observer would not, there is no infringement. Either way the TRO fails as to these Defendants. See below Figure 1, 2 and 3 for the prior sales:

- Yanitza Garcia, July 21, 2020, verified purchase: "They run small, order one size up. Super comfortable and not heavy at all. They are like walking on marshmallows." See Figure 1 below, available at https://www.amazon.com/portal/customer-reviews/B08DKTD2PW/ ref=cm_cr_dp_d_show_all_top?_encoding=UTF8&ie=UTF8&reviewerType=all_reviews, last visited on Oct. 9, 2026.




**Figure 1: Defendant's 2020 Customer Review with Picture**

- Jenn, July 9, 2021, verified purchase, with a photograph: "i originally ordered the 5.5-6 option and they were too big. i returned and ordered the smallest size and I LOVE THEM SO MUCH!!! … when i come home i put these on around the house and

they're so comfy and cute." See Figure 2 below, same link as above.




**Figure 2: July 9, 2021 Customer Review With Picture of Product**

- Adriana, June 15, 2021, verified purchase, with a photograph of the slipper on a foot: "Absolutely loved them. I wear a size 6 in women I have small feet and the women size 4-4.5 fits me just perfect! Super soft nice material looks so nice and feel super comfortable!"




**Figure 3: July 15, 2021 Customer Review**

8. In addition, Defendants independently originated and protected the accused design in Europe. On November 23, 2021, Registered Community Design No. 008772289-0007 was registered at the European Union Intellectual Property Office for a slipper design. See Exhibit A (Certified Copy of RCD 008772289-0007). Defendants will submit a declaration to support that Xianliang Lin and Ruicheng Lin, the patentees, authorized Defendants to use patent for production purpose. The registration date falls after the September 22, 2021 filing date of the ’901 Patent but while that application remained under seal and was not publicly available. The drawings in RCD 008772289-0007 depict an open-toe slide with a cushioned footbed and wide strap that is substantially the same in overall visual appearance as the design now accused of infringement.

| **Defendants’ Patent** | **Plaintiff’s Patent** |
| --- | --- |
|  |  |
|  |  |

**Figure 4: Comparison of Plaintiff’s and Defendant’s Design Patent**

9. By statute, applications for design patents are not subject to the 18-month publication requirement that applies to utility applications. 35 U.S.C. § 122(b)(2)(A)(iv). Instead, a design patent application remains confidential under 35 U.S.C. § 122(a) until the patent issues. The '901 Patent application, filed September 22, 2021, therefore stayed under seal until its issuance on May 16, 2023—more than a year after the November 23, 2021 registration of RCD 008772289-0007. Defendants' independent European design registration thus occurred while Plaintiff's application was still confidential and unavailable to the public. This independent European registration is powerful evidence that BRONAX SNEAKER and JOOMRA DIRECT developed and commercialized the accused design without access to, or copying from, Plaintiff's then-secret application. A seller who independently originates a design and registers it abroad before any public disclosure of the claimed design is not a copyist. The *ex parte* finding of likelihood of success, irreparable harm, and of a need to freeze assets without notice does not hold as to these Defendants. *See Egyptian Goddess*, 543 F.3d at 678; *Winter,* 555 U.S. at 20.

10. These facts—prior public sales of the same design plus independent European design registration while Plaintiff's application was under seal—defeat any inference of copying and eliminate the "clear showing" of likelihood of success required to maintain the TRO. Fed. R. Civ. P. 65(b)(1).

**IV. The claimed design is functional, so the ornamental claim is narrow**

11. A design patent protects ornament, not function. 35 U.S.C. § 171. A design dictated by function is not patentable. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328–30 (Fed. Cir. 2015); *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320–22 (Fed. Cir. 2016). Shoe features that hold the foot, cushion it, drain water, or grip a wet surface are

functional. *See L.A. Gear, Inc. v. Thom McAn Shoe Co*., 988 F.2d 1117, 1123 (Fed. Cir. 1993)("If the particular design is essential to the use of the article, it can not be the subject of a design patent.")

12. The features Plaintiff relies on are dictated by use as a shower, pool, and house slipper. The deep heel cup keeps the foot from sliding out on a wet floor. The thick cushion is the "marshmallow" comfort customers described in 2020. The open toe and pull-on strap are how a shower shoe goes on. The sole tread is for grip. "A claim to a design containing numerous functional elements, such as here, necessarily mandates a narrow construction." *Richardson v. Stanley Works, Inc*., 597 F.3d 1288, 1293–94 (Fed. Cir. 2010); "In analyzing visual similarity, '[w]here ... a [patented] design is composed of functional as well as ornamental features, to prove infringement a patent owner must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental.'" Elmer, 67 F.3d at 1577, quoting *Read Corp. v. Portec, Inc.,* 970 F.2d 816, 825, 23 USPQ2d 1426, 1434 (Fed.Cir.1992).

13. Because the field is functional and crowded, the claim scope is narrow. The ordinary observer's attention goes to whatever ornamental detail actually differs from that prior art. *Egyptian Goddess*, 543 F.3d at 676. At that level of scrutiny, only a virtually identical ornamental design could infringe. The accused slipper is not that. The texture and pattern of the covering cloth, strap proportion, footbed opening, sole pattern, and overall profile differ from the drawings in the '901 patent once the shared functional heel cup, cushion, and open toe are set aside. Those differences matter. Plaintiff has not made a clear showing of infringement.

**V. The freeze should be released as to Moving Defendants**

14. The Court has already noted the concern with restraining assets before judgment. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc*., 527 U.S. 308, 331 (1999); [Dkt. 43.] Section 289 does not justify a freeze against a seller with designs prevalent on market long time predating the purported patent at-issue and whose design is functional. The bond recited in Dkt. 48 does not cure the lack of a likelihood of success. Continued restraint of Defendants's Amazon funds, and suppression of a listing that has been public since June 2020, is irreparable harm to Defendants, not to Plaintiff.

**VI. Relief requested**

WHEREFORE, Defendants BRONAX SNEAKER and JOOMRA DIRECT respectfully request that the Court:

A. Dissolve the Temporary Restraining Order entered October 8, 2026 [Dkt. 48], and the accompanying asset restraint, as to BRONAX SNEAKER (Amazon seller ID A3POV79EGG2T2T) and JOOMRA DIRECT (Amazon seller ID AD46DSIZFHI7U) only;

B. Direct Amazon.com, Inc. to restore all listings of these Defendants that were restrained under Dkt. 48 and to release any funds restrained under the order; and

C. Grant such other and further relief as the Court deems just and proper.

Dated: October 12, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu
The Law Offices of James Liu PLLC
30 N LaSalle St, Ste 1510

Chicago, IL 60602
Telephone: 305-209-6188
FL Bar No. 1007675

Counsel for Defendants BRONAX SNEAKER and
JOOMRA DIRECT

**CERTIFICATE OF SERVICE**

I certify that on October 12, 2026, I filed this motion with the Court's CM/ECF system, which will send notice to all counsel of record, and that I will email a copy to Plaintiff's counsel of record the same day.

/s/ Jianyin Liu