**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**CHEN LI,**
Plaintiff,

Case No. 1:25-cv-10772
Hon. Edmond E. Chang

v.

**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**,
Defendant.
_________________________________/

**DEFENDANT'S EXPEDITED MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER AND TO RELEASE THE ASSET RESTRAINT**

Defendant Quanzhouxuanyumaoyiyouxiangongsi (Amazon Seller ID: A20OOPF9Z11ZPP, Doe 13 in Schedule A, "Defendant" hereafter), by counsel, moves on an expedited basis under Federal Rule of Civil Procedure 65(b)(4) to dissolve the Temporary Restraining Order entered on October 8, 2026 [Dkt. 48], and the asset restraint entered with it, and to direct Amazon.com, Inc. to restore its listings and release its restrained funds. In support, Defendant states:

**I. The order to be dissolved**

1. On September 29, 2026, the Court granted Plaintiff's motion for a temporary restraining order as to the Defendant on the Schedule A attached to the Amended Complaint, and directed that the TRO would start its 14-day clock when posted. [Dkt. 43.] The Court entered that order on October 1, 2026. [Dkt. 44.]

2. On October 8, 2026, the Court granted Plaintiff's motion to clarify, deemed the October 1 order inoperative, and entered a new TRO with a complete Schedule. [Dkt. 47, 48.] The Court set the new TRO to expire on October 22, 2026, and set October 19, 2026, as the deadline for any extension or preliminary-injunction motion. [Dkt. 47.] The October 8 order is the operative restraint. [Dkt. 48.]

3. Counsel for Defendant has appeared [DE 54]. Rule 65(b)(4) entitles a restrained party to move to dissolve or modify on two days' notice, or on shorter notice if the Court so sets. Defendant ask the Court to hear this motion before October 19, 2026, and in any event before the October 22 expiration, and to keep the restraint from being extended as to these Defendant.

4. Defendant operates the Amazon storefront at seller ID A20OOPF9Z11ZPP. Defendant asks the Court to treat this motion as limited to these two sellers and any of its ASINs restrained under Dkt. 48.

**II. The TRO standard is no longer met**

5. A TRO requires a clear showing of likelihood of success, irreparable harm, balance of harms, and public interest, and, because this order issued without notice, specific facts that immediate injury would result before the adverse party could be heard. Fed. R. Civ. P. 65(b)(1); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Design-patent infringement asks whether an ordinary observer, familiar with the prior art, would find the accused design substantially the same as the claimed design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670, 676–78 (Fed. Cir. 2008) (en banc). Functional features are not part of the claim. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). The October 8 order found a

likelihood of success on an *ex parte* record. [Dkt. 48 ¶ 3.] That record did not include the prior-art and independent-design evidence set forth below.

7. As demonstrated in the parallel motion [DE 50] filed by Defendant USEQUICK, the same or substantially the same slipper design was already on public sale on Amazon (with "Date First Available" as early as June 12, 2020) and was the subject of verified-purchase customer reviews containing photographs of the product more than a year before the September 22, 2021 filing date of the '901 Patent. Those public sales and customer photographs establish that the deep heel cup, open toe, wide strap, and cushioned footbed that Plaintiff treats as the patented design were already in the public domain. Defendant sells the same or substantially the same design. That prior public use and on-sale activity is § 102(a)(1) prior art. If an ordinary observer would find the claimed design substantially the same as the slippers already being sold, the patent is anticipated and Plaintiff has no likelihood of success. If the ordinary observer would not, there is no infringement. Either way the TRO fails as to these Defendant. See below Figure 1, 2 and 3 for the prior sales:

- Yanitza Garcia, July 21, 2020, verified purchase: "They run small, order one size up. Super comfortable and not heavy at all. They are like walking on marshmallows." See Figure 1 below, available at https://www.amazon.com/portal/customer-reviews/B08DKTD2PW/ ref=cm_cr_dp_d_show_all_top?_encoding=UTF8&ie=UTF8&reviewerType=all_reviews, last visited on Oct. 9, 2026.

**Figure 1: Defendant's 2020 Customer Review with Picture**




- Jenn, July 9, 2021, verified purchase, with a photograph: "i originally ordered the 5.5-6 option and they were too big. i returned and ordered the smallest size and I LOVE THEM SO MUCH!!! … when i come home i put these on around the house and they're so comfy and cute." See Figure 2 below, same link as above.



**Figure 2: July 9, 2021 Customer Review With Picture of Product**

- Adriana, June 15, 2021, verified purchase, with a photograph of the slipper on a foot: "Absolutely loved them. I wear a size 6 in women I have small feet and the women size 4-4.5 fits me just perfect! Super soft nice material looks so nice and feel super comfortable!"




**Figure 3: July 15, 2021 Customer Review**

**III. The claimed design is functional, so the ornamental claim is narrow**

8. A design patent protects ornament, not function. 35 U.S.C. § 171. A design dictated by function is not patentable. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328–30 (Fed. Cir. 2015); *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320–22 (Fed. Cir. 2016). Shoe features that hold the foot, cushion it, drain water, or grip a wet surface are functional. *See L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993)("If the particular design is essential to the use of the article, it can not be the subject of a design patent.")

9. The features Plaintiff relies on are dictated by use as a shower, pool, and house slipper. The deep heel cup keeps the foot from sliding out on a wet floor. The thick cushion is the

"marshmallow" comfort customers described in 2020. The open toe and pull-on strap are how a shower shoe goes on. The sole tread is for grip. "A claim to a design containing numerous functional elements, such as here, necessarily mandates a narrow construction." *Richardson v. Stanley Works, Inc*., 597 F.3d 1288, 1293–94 (Fed. Cir. 2010); "In analyzing visual similarity, '[w]here ... a [patented] design is composed of functional as well as ornamental features, to prove infringement a patent owner must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental.'" Elmer, 67 F.3d at 1577, quoting *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825, 23 USPQ2d 1426, 1434 (Fed.Cir.1992).

10. Because the field is functional and crowded, the claim scope is narrow. The ordinary observer's attention goes to whatever ornamental detail actually differs from that prior art. *Egyptian Goddess*, 543 F.3d at 676. At that level of scrutiny, only a virtually identical ornamental design could infringe. The accused slipper is not that. The texture and pattern of the covering cloth, strap proportion, footbed opening, sole pattern, and overall profile differ from the drawings in the '901 patent once the shared functional heel cup, cushion, and open toe are set aside. Those differences matter. Plaintiff has not made a clear showing of infringement. See Figure 4 below.



**Figure 4: Defendant's Product (left)**

**IV. The freeze should be released as to Moving Defendant**

11. The Court has already noted the concern with restraining assets before judgment. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc*., 527 U.S. 308, 331 (1999); [Dkt. 43.] Section 289 does not justify a freeze against a seller with designs prevalent on market long time predating the purported patent at-issue and whose design is functional. The bond recited in Dkt. 48 does not cure the lack of a likelihood of success. Continued restraint of Defendant's Amazon funds, and suppression of a listing that has been public since June 2020, is irreparable harm to Defendant, not to Plaintiff.

**V. Relief requested**

WHEREFORE, Defendant Quanzhouxuanyumaoyiyouxiangongsi respectfully requests that the Court:

A. Dissolve the Temporary Restraining Order entered October 8, 2026 [Dkt. 48], and the accompanying asset restraint, as to BRONAX SNEAKER (Amazon seller ID A3POV79EGG2T2T) and JOOMRA DIRECT (Amazon seller ID AD46DSIZFHI7U) only;

B. Direct Amazon.com, Inc. to restore all listings of these Defendant that were restrained under Dkt. 48 and to release any funds restrained under the order; and

C. Grant such other and further relief as the Court deems just and proper.

Dated: October 13, 2026

Respectfully submitted,

/s/ Jianyin Liu

Jianyin Liu
The Law Offices of James Liu PLLC
30 N LaSalle St, Ste 1510

Chicago, IL 60602
Telephone: 305-209-6188
FL Bar No. 1007675

Counsel for Defendant
Quanzhouxuanyumaoyiyouxiangongsi

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, I filed this motion with the Court's CM/ECF system, which will send notice to all counsel of record, and that I will email a copy to Plaintiff's counsel of record the same day.

/s/ Jianyin Liu