**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Chen Li

Plaintiff,

v.

Case No.: 1:25−cv−10772
Honorable Edmond E. Chang

The Partnership and Unincorporated Associations Identified On Schedule A, et al.

Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 13, 2026:

MINUTE entry before the Honorable Edmond E. Chang: Video motion hearing held on the motions to dissolve the TRO [50], [53], [57]. Counsel for the parties appeared by video. (1.) As explained on the record, the motions to dissolve the TRO [50], [53], [57] are granted and applies to all of the Defendants (not just the movants). The TRO, R. 48, is hereby vacated. In sum, on the merits, there is now a substantial question of invalidity based on prior use, even taking into account the presumption of validity. Also, there is a lesser showing of irreparable harm and inadequate remedy at law given the appearance of the Defendants, who have hired a lawyer and are litigating the case. More importantly on irreparable harm and adequacy of remedy, like many (but not all) design−patent cases, the inference of **intentional** infringement that applies to counterfeiters of trademarks and copyrighted works is undermined given the nature of the product (a slipper) and the very limited ornamental features that can be validly claimed (this rationale applies to all the Defendants, even those that did not move to dissolve). In other words, there is less reason to believe that the Defendants are willful counterfeiters who are likely to transfer assets and disappear. Lastly, on balance, an asset freeze is an extraordinary provisional remedy; ordinarily, pre−judgment restraint of assets is prohibited given the impact on defendants. Here, the balance favors no TRO and no asset restraint. (2.) The parties are authorized to issue early discovery for purposes of litigating a potential preliminary−injunction motion, limited to (A) the prior use and alleged invalidity of the design patent; and (B) the Defendants' sales, revenue, and profits from sales of the accused goods.(2.) Defense counsel shall confer with his clients to determine if they would agree to waive service. The Court does strongly encourage Defendants to waive service, or else they will likely be responsible for the costs of service under Federal Rule of Civil Procedure 4(d)(2). (3.) A video status hearing is set for 10/28/2026 at 10:00 a.m. Instead, counsel shall file a joint status report, by 10/26/2026, reporting on the discovery requests, whether the three Defendants will agree to waive service, and any other pertinent matters. (4.) The tracking status set for 10/23/2026 is terminated. (5.) Members of the public and media will be able to call−in to listen to this hearing. The call−in number is (650) 479−3207 and the access code is 2310 954 6371##. Counsel of record will receive an email before the start of the

hearing with instructions to login. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.