IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| Chen LI,<br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATEDASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br>Defendant. | Case No.: 1:25-cv-10772<br><br>Judge Edmond E. Chang |

**PLAINTIFF CHEN LI'S MOTION TO EXPAND THE SCOPE OF EARLY DISCOVERY TO THE DEFENDANTS' IDENTITY AND SERVICE INFORMATION**

**Introduction**

Plaintiff Chen Li moves under Federal Rules of Civil Procedure 26(d)(1) and 65(d) to expand the early discovery authorized on October 13, 2026 (Dkt. 60). The expansion is narrow: three interrogatories and one document request directed to Defendants USEQUICK (Doe 6), BRONAX SNEAKER (Doe 2) and JOOMRA DIRECT (Doe 1) (the "Defendants"). They ask who each Moving Defendant legally is, where it is located, and whether its counsel may accept service.

The Court has authorized discovery to prepare a preliminary-injunction motion. That motion cannot produce an enforceable order without these facts, for two reasons. First, Rule 65(d) requires an injunction to describe the restrained conduct specifically and binds only the parties and those acting with them. Today the Defendants are known only by Amazon storefront aliases. Second, the answers decide how the Defendants must be served. After *Kangol LLC v.*

*Hangzhou Chuanyue Silk Import & Export Co.*, 177 F.4th 793 (7th Cir. 2026), whether the Hague Service Convention applies, and which service methods are lawful, turns on each defendant's address and legal form. The Defendants alone hold that information, and producing it imposes almost no burden.

**Background**

1. Plaintiff owns U.S. Design Patent No. D985,901 for a slipper and sued the operators of the Amazon storefronts listed on Schedule A for infringement. (Dkt. 28.) The Amended Complaint alleges that the defendants reside or operate in the People's Republic of China and operate under seller aliases that conceal their identities. (*Id.* ¶¶ 8, 12–13.)

2. On October 8, 2026, the Court entered a temporary restraining order identifying each defendant by seller alias, seller ID and ASIN. (Dkt. 48.) The Defendants appeared through counsel and moved to dissolve it. (Dkt. 49, 50, 53.) Their motions identify them only by storefront names and Amazon seller IDs. Plaintiff's opposition noted that USEQUICK's registered seller name, "Xiamenkaiyanmaoyiyouxiangongsi," indicates a business based in Xiamen, China. (Dkt. 55, § V.)

3. BRONAX SNEAKER and JOOMRA DIRECT relied on a European Union design registration owned by two individuals, Xianliang Lin and Ruicheng Lin, and said they would file a declaration that the registrants authorized them to use the design. (Dkt. 53 ¶ 8; Dkt. 53-1.) To date, it is believed that no declaration has been filed, and the record does not show how the Defendants relate to those individuals or to each other.

4. On October 13, 2026, the Court vacated the TRO and authorized the parties to issue early discovery to litigate a potential preliminary-injunction motion, limited to (A) prior use and alleged invalidity of the patent, and (B) the defendants' sales, revenue and profits from the

accused goods. (Dkt. 60 ¶ 2.) The Court directed defense counsel to confer with his clients about waiving service and strongly encouraged waiver. (*Id.*)

**Legal standard**

A party may obtain discovery before the Rule 26(f) conference "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Courts in this District decide whether to permit expedited discovery under a good-cause or reasonableness standard, considering the entire record and the reasonableness of the request in light of the surrounding circumstances. *See Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. O'Connor*, 194 F.R.D. 618, 623–24 (N.D. Ill. 2000). A pending or anticipated preliminary-injunction motion is a recognized ground for expedited discovery. *See Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007). Discovery must be relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court has already found good cause for early discovery in this case. (Dkt. 43; Dkt. 60.) This motion asks only to widen its subject matter.

**Argument**

**I. Rule 65(d) requires an injunction to bind identifiable parties, and the Defendants are known only by storefront aliases.**

Every order granting an injunction must state its terms specifically and describe in reasonable detail the acts restrained. Fed. R. Civ. P. 65(d)(1). The order binds only the parties; their officers, agents, servants, employees and attorneys; and other persons in active concert or participation with them who receive actual notice. Fed. R. Civ. P. 65(d)(2). The specificity requirement exists to prevent uncertainty and confusion on the part of those faced with injunctive

orders, and to avoid basing a contempt citation on a decree too vague to be understood. *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).

An injunction also reaches only those over whom the Court has personal jurisdiction. A court may not enjoin a nonparty over whom it has not acquired jurisdiction in personam. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110–12 (1969). And before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

The record does not let the Court apply these requirements to the Defendants. Each is identified only by an Amazon storefront name and seller ID. Those aliases are not legal persons. The Amended Complaint alleges, and the Defendants have not disputed, that sellers in this posture operate multiple aliases and can register new ones. (Dkt. 28 ¶¶ 12–14.) A preliminary injunction naming only "USEQUICK" or "JOOMRA DIRECT" would leave open who must comply, whether the same operator selling through a new storefront is bound, and who could be held in contempt.

The gaps are concrete. BRONAX SNEAKER and JOOMRA DIRECT share counsel, filed a joint motion, and claim authorization from two individuals who own a European design registration. (Dkt. 53 ¶ 8; Dkt. 53-1.) Whether those individuals are the Defendants' owners, "agents," or persons "in active concert" under Rule 65(d)(2) cannot be decided on aliases alone. Nor can the Court tell whether the three Defendants are one operator or three. The Court's TRO findings already pointed to a possible common source among the listed defendants. (Dkt. 48 ¶ 7.)

The information sought (each Moving Defendant's legal name, form of organization, registration number, addresses and principals) is the minimum needed to frame an injunction that

complies with Rule 65(d) and can be enforced. It falls squarely within discovery "for purposes of litigating a potential preliminary-injunction motion." (Dkt. 60 ¶ 2.)

**II. The answers determine how and where the Defendants must be served.**

A preliminary injunction against the Defendants requires that they be properly before the Court. *Omni Capital*, 484 U.S. at 104. The Defendants have declined to waive service. (See Background ¶ 5.) The lawful methods of serving them now turn on facts only they hold.

**A. Whether the Hague Service Convention applies depends on each defendant's address.**

The Convention applies whenever there is occasion to transmit a document for service abroad, but not where the address of the person to be served is not known. Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361. Where it applies, its methods are exclusive, and service by email on a defendant in China is prohibited. *Kangol*, 177 F.4th at 801. Courts in this District now examine closely whether a defendant's address was truly unknown. *See Deckers Outdoor Corp. v. Litfun*, No. 25 CV 10080 (N.D. Ill. Sept. 14, 2026) (vacating a default judgment where the plaintiff's search for the defendant's address was not reasonably diligent); *Santana Tesoro, LLC v. P'ships Identified on Schedule A*, No. 26 C 1395 (N.D. Ill. Aug. 28, 2026) (treating address information in the plaintiff's possession as known). Plaintiff wants to serve the Defendants correctly the first time and avoid a judgment later vacated for defective service, as happened in *Litfun*. That requires their actual registered and operating addresses and their legal names in Chinese, which a Central Authority request must carry.

**B. Whether service can be completed in the United States depends on each defendant's legal form.** Service completed within the United States does not involve transmitting a document abroad, so the Convention does not apply to it. *Volkswagenwerk AG v. Schlunk*, 486 U.S. 694, 707 (1988). Rule 4(e)(1) and Rule 4(h)(1)(A) permit service in a judicial district under

the law of the forum state. Illinois permits court-ordered service by special order where ordinary service on an individual defendant is impractical, 735 ILCS 5/2-203.1, but it provides a different scheme for corporations, 735 ILCS 5/2-204. Whether a Moving Defendant is a company, a partnership, or an individual operating as an individual industrial and commercial household (个体工商户) therefore determines which Illinois procedures, if any, are available. Defense counsel maintains a Chicago office. (Dkt. 53 at 9–10.)

**C. Whether counsel may accept service is a threshold question the Court has already raised.** The Court directed defense counsel to confer with his clients about waiver. (Dkt. 60 ¶ 2.) A direct, sworn answer on whether counsel is authorized to accept service, and if not why waiver is refused, will tell the parties and the Court whether formal service abroad is necessary at all. It will also permit an orderly timetable for the preliminary-injunction motion.

In short, the identity and service discovery is a prerequisite to a preliminary injunction that will hold. Without it, Plaintiff must either guess at service methods, risking a void order, or begin Convention service on incomplete information that may take a year or more to complete. *See Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 824 (N.D. Ill. 2019) (noting evidence that China's Central Authority takes one to two years to serve process).

**III. The requests are narrow, the information is within the Defendants' control, and good cause exists.**

Every relevant factor favors the expansion.

- **The requests are narrow.** Exhibit A contains three interrogatories and one document

request. They seek each Moving Defendant's legal name, form of organization and registration number; its registered and operating addresses and principals; whether counsel may accept service; and its business license and the registration information it gave Amazon.

- **The burden is minimal.** Every Chinese business holds a business license (营业执照) stating its name, registration number, legal representative and registered address. Amazon requires sellers to submit the same information to open a seller account. Answering requires copying documents the Defendants already have.

- **The information is solely in the Defendants' control.** Plaintiff cannot reliably obtain it elsewhere. Storefront names do not match legal names, and public map searches are not a reasonably diligent substitute. *See Litfun*, slip op. at [__].

- **The timing is driven by the preliminary-injunction schedule the Court has set in motion.** The Court authorized early discovery to prepare that motion. (Dkt. 60 ¶ 2.) Service questions must be resolved for any injunction to bind the Defendants.

- **There is no prejudice.** Answering does not waive any defense. Plaintiff does not object to the Defendants designating their responses confidential under an appropriate protective order.

- **The Defendants are already participating.** They appeared through counsel, filed motions on the merits, and obtained relief. (Dkt. 49, 50, 53, 60.) They are well placed to answer promptly.

**Relief requested**

Plaintiff respectfully asks the Court to enter the proposed order attached as Exhibit B:

1. expanding the early discovery authorized in Dkt. 60 to include each Moving Defendant's identity, form of organization, registration, addresses, principals, and counsel's authority to accept service;
2. authorizing service of the requests in Exhibit A on USEQUICK, BRONAX SNEAKER and JOOMRA DIRECT through their counsel of record; and
3. ordering responses within fourteen (14) days of service, or such other time as the Court sets.

**Local Rule 37.2 statement**

On October 29, 2026, counsel for Plaintiff emailed counsel for the Moving Defendants, Jianyin Liu, in a good-faith attempt to resolve the matters in this motion. Mr. Liu stated that the Moving Defendants would not provide the requested information without a court order. On October 30, 2026, at 4:50 p.m. Eastern Time, counsel for Plaintiff, Robert M. DeWitty, telephoned Mr. Liu to confer further and confirm whether the Moving Defendants would stipulate to the relief sought, and left a voicemail message. Mr. Liu returned the call, affirming they would not stipulate to this motion.

DATED: November 2, 2026

Respectfully submitted,

*/s/ Robert M. DeWitty*
Robert M. DeWitty (Bar No. 006210112)
D&A|RM DeWitty, U.S. Pat. Atty., LLC

141 W. Jackson Blvd., Ste. 4216,
Chicago, IL 60604

1500 K Street, 2nd Fl., RM213,
Washington, DC 20005
Tel: 202-571-7070

rmdewitty@dewittyip.com
Counsel for Plaintiff Chen Li