**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**CHEN LI,**
Plaintiff,
v.
**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**
**Defendants.**
______________________________________/

**Case No. 1:25-cv-10772**
**Judge Edmond E. Chang**

# DEFENDANTS USEQUICK, BRONAX SNEAKER, AND JOOMRA DIRECT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPAND THE SCOPE OF EARLY DISCOVERY

## INTRODUCTION

Defendants USEQUICK (Amazon Seller ID A39SUWL7QNLD9M), BRONAX SNEAKER (Amazon Seller ID A3POV79EGG2T2T), and JOOMRA DIRECT (Amazon Seller ID AD46DSIZFHI7U) (collectively, the "Moving Defendants"), by and through undersigned counsel, respectfully oppose Plaintiff's Motion to Expand the Scope of Early Discovery (Dkt. 77). The motion seeks to expand the strictly limited early discovery the Court authorized on October 13, 2026 (Dkt. 60) to include identity, location, and service information. That request falls outside the Court's order, is unnecessary, and is particularly improper because the information Plaintiff seeks is already publicly available on each defendant's Amazon Seller Profile page, including addresses that Amazon has verified for the purpose of receiving physical notices.

## PROCEDURAL BACKGROUND

On October 13, 2026, after a video hearing, the Court granted the Moving Defendants' motions to dissolve the Temporary Restraining Order and vacated the TRO as to all defendants. Dkt. 60. The Court found a substantial question of invalidity based on prior use, a lesser showing of irreparable harm given the defendants' appearance through counsel, and that an asset freeze is an extraordinary remedy. Id. The Court authorized early discovery limited to "(A) the prior use and alleged invalidity of the design patent; and (B) the Defendants' sales, revenue, and profits from sales of the accused goods." Id. The Court also directed defense counsel to confer with clients about waiving service and strongly encouraged waiver. Id.

The Moving Defendants appeared through counsel, filed motions on the merits (including Dkt. 50), and obtained the dissolution of the TRO. Instead of pursuing the limited discovery the Court authorized—focused on the prior-use/invalidity defense and sales data—Plaintiff now seeks to expand discovery to identity and service information that is already available on Amazon's public Seller Profile pages.

## ARGUMENT

### I. The Requested Expansion Exceeds the Court's Limited Authorization in Dkt. 60.

Rule 26(d)(1) permits discovery before a Rule 26(f) conference only when authorized by court order. The Court authorized early discovery solely for purposes of litigating a potential preliminary-injunction motion, and only on two narrow topics: prior use/invalidity and sales, revenue, and profits. Dkt. 60. Plaintiff's request for legal names, organizational form, registration numbers, addresses, principals, and authority to accept service is outside that authorization. The

Court carefully cabined discovery; expansion requires a new showing of good cause that Plaintiff has not made.

**II. The Information Sought Is Already Publicly Available on Amazon Seller Profile Pages.**

All of the identity, location, and contact information Plaintiff requests is already publicly displayed on each Moving Defendant's Amazon Seller Profile page. Amazon requires sellers to provide business information and verifies the address associated with each seller account for the purpose of receiving physical notices. Plaintiff can obtain the legal or trade name, address, and other profile details for USEQUICK, BRONAX SNEAKER, and JOOMRA DIRECT directly from Amazon without any discovery from Defendants. There is no need for court-ordered early discovery of information that is already available through ordinary public means and that Amazon has verified for notice purposes.

Plaintiff's claim that the information is solely in Defendants' control and cannot be obtained elsewhere is incorrect. Amazon Seller Profile pages display the relevant information, and Amazon's verification of the address for physical notice further confirms its availability and reliability for service-related purposes.

**III. Identity and Service Information Are Not Necessary for a Preliminary Injunction.**

Plaintiff contends that Rule 65(d) requires the requested information for an enforceable injunction. That is incorrect. The TRO itself (Dkt. 48) identified the defendants by Amazon storefront alias, seller ID, and ASIN. The Moving Defendants appeared through counsel under those identifiers, litigated the TRO, and obtained its dissolution. An injunction can likewise

identify the restrained parties by the Amazon seller names and IDs under which they have appeared and conducted the accused sales. Rule 65(d) requires specificity and actual notice; it does not require a complete corporate genealogy or foreign registration details before an injunction may issue against parties who are before the Court.

Service is a separate procedural issue. The Court already directed counsel to confer on waiver and warned that refusal will likely result in costs under Rule 4(d)(2). Dkt. 60. Defendants have appeared and are defending the case. Moreover, because Amazon has verified the addresses on the Seller Profile pages for receipt of physical notices, Plaintiff has a ready source of address information for any service efforts. Expanding early discovery is unnecessary and improper.

**IV. The Motion Is Dilatory and Contrary to the Court's Caution Regarding Delay.**

The Court authorized limited early discovery specifically to prepare a potential PI motion and set a schedule for a joint status report. Instead of serving discovery on the authorized topics (prior use/invalidity and sales data), Plaintiff has filed a motion seeking expansion to identity and service information that is already available on Amazon. This delay runs against the issuance of a preliminary injunction. As the Court recognized when dissolving the TRO, the defendants have appeared through counsel and are litigating the case, undermining any inference of intentional infringement or risk of asset dissipation that might otherwise support extraordinary relief.

**V. Substantial Questions of Invalidity and Non-Infringement Weigh Against Expansion.**

The Court has already found a substantial question of invalidity based on prior use, even accounting for the presumption of validity. Dkt. 60. That finding was grounded in the arguments presented in the Moving Defendants' motions to dissolve the TRO, including Dkt. 50. The asserted design patent (U.S. Design Patent No. D985,901 S) covers only limited ornamental features of a slipper and is anticipated by prior commercial use and prior designs. The patent is not novel. Because Plaintiff cannot show a likelihood of success on the merits, there is no basis for a preliminary injunction and thus no good cause to expand early discovery beyond the Court's order.

Discovery must also be proportional under Rule 26(b)(1). The requested identity and service information is not relevant to the limited PI issues the Court authorized, is already publicly available on Amazon Seller Profile pages (with addresses verified by Amazon for physical notice), and imposes an unnecessary burden.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court deny Plaintiff's Motion to Expand the Scope of Early Discovery.

Dated: November 6, 2026

Respectfully submitted,

/s/ Jianyin Liu

Jianyin Liu, Esq.

Florida Bar No. 1007675

The Law Offices of James Liu PLLC

9000 SW 157th Street

Palmetto Bay, Florida 33157

Tel: (305) 209-6188

Email: jamesliulaw@gmail.com

Counsel for Defendants USEQUICK, BRONAX SNEAKER, and JOOMRA DIRECT

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jianyin Liu

Jianyin Liu, Esq.